UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 05-316 (ESH) |
| | ) | |
| PABLO RAYO MONTANO | ) | |
| et al. | ) | |

**GOVERNMENT'S SUPPLEMENTAL MOTION UNDER THE SPEEDY TRIAL ACT
TO EXCLUDE TIME PENDING THE ARRIVAL OF CO-DEFENDANTS, TO
EXCLUDE TIME GIVEN THE NATURE OF THE PROSECUTION, AND
TO EXCLUDE TIME TO OBTAIN EVIDENCE FROM FOREIGN COUNTRY**

**COMES NOW** the United States of America, by and through the undersigned attorney,

and hereby supplements its previously filed motion under 18 U.S.C. §§ 3161(h)(7),

3161(h)(8)(A), 3161(h)(8)(B)(i) and (ii), and 3161(h)(9) of the Speedy Trial Act to exclude time

pending the arrival of co-defendants, to exclude time based on the nature of the case; and to

exclude time to permit the United States to obtain evidence from Brazil, Colombia, and Panama.

In support thereof, the government states the following:

FACTS

1. On February 22, 2006, Jaime Micolta, Sara Maritza Rayo, Viviana Buitrago Paz,

Juan Carlos Gomez, and others were indicted by a federal grand jury in the District of Columbia

and charged with conspiring to import five kilograms or more of cocaine into the United States

and conspiring to manufacture and distribute five kilograms or more of cocaine intending and

knowing that the cocaine would be unlawfully imported into the United States in violation of 21

U.S.C. § 959 and 963.   Other defendants were charged in the conspiracy, including Pablo Rayo

Montano and three of Jaime Micolta's brothers (Mars, Domingo, and reputed half brother Jose

Bermudez).

2. Micolta  was arrested in California on May 16, 2006, and had an initial appearance and

arraignment before a United States Magistrate Judge.  He  was ordered detained after a detention

hearing.  Sara Maritza Rayo was arrested in Colombia on or about May 16, 2006 and was

extradited to the United States.  She had her initial appearance on Friday, March 30, 2007 in the

District of Columbia, and had a detention hearing and arraignment on April 11, 2007.   Buitrago

Paz and Gomez were also arrested in Colombia on or about May 16, 2006, and were held in

custody in Colombia until their more recent extradition  to the United States.  They are now

before the court as well.

3.  The lead defendant, Pablo Rayo Montano is still in custody in Brazil and it is not clear

when he may be coming to the United States.  While he is pending extradition to the United

States, he is also in trial in Brazil, charged with money laundering in violation of Brazilian law.

That trial has begun but has been going on for almost one year now.  It is not clear when it will

conclude, nor is it clear what sentence Rayo will receive if convicted, nor is it clear when the

Brazilians will release him to the United States.  Meanwhile, at least two other defendants

indicted in the District of Colombia- Jackson Orozco Gil and Alba Lorena Giraldo Sanchez- have

been approved for extradition from Colombia and should be arriving in the United States in a

matter of weeks.   Another defendant indicted in the District of Colombia, John Jairo Giraldo

Sanchez, should also be arriving relatively soon.  And that leaves only Jose Bermudez and Fidel

Sandoval, among the District of Columbia indictees, whose arrival has not been announced. Sandoval is a Colombian who was arrested in Ecuador and handed over to the Colombian government for extradition to the United States, and he should be coming to the United States fairly soon. Jose Bermudez is in custody in Panama, claiming to be a Panamanian citizen and contesting extradition to the United States. If he is found to be a true Panamanian citizen, he will not be extradited to the United States.

4. The Rayo organization was the subject of two indictments, the instant indictment and an overlapping indictment in the Southern District of Florida. In all, 42 different defendants, all members of the Rayo drug trafficking organization, were indicted in the District of Columbia and in Miami. Ten defendants were indicted in both jurisdictions. The following defendants have pled guilty in the SDFL:

> Hector Aguilar
> Monica Ruiz
> Victor Serna
> Sandra Orozco Gil, and
> Jose Arango.

Of these defendants, all but Ruiz were also indicted in the District of Columbia.

5. Five defendants are pending trials in the SDFL. Yohibel Dunn and Ruben Menaca are presently set for trial on August 27, 2007, although it appears as if Dunn may plead guilty. Three other defendants are set for trial in Miami on October 1, 2007. Those defendants are Mars Micolta Hurtado (brother to District of Columbia defendant Jaime Micolta Hurtado), Ramon Eusturgio Matamba, and Deguis David Romero. Another Micolta Hurtado brother, Domingo Micolta Hurtado, has been approved for extradition from Panama (to Miami). That leaves a significant number of Miami defendants who are not yet in Miami and may not be for several

more months, if ever.

6.  To sum up the situation in the District of Columbia, starting from the first named

defendant in the indictment and going to the last named defendant, it looks like this:

| | |
|---|---|
| Pablo Rayo | stuck in Brazil |
| Alberto Torres | still a fugitive |
| Jackson Gil | expected to arrive soon from Colombia |
| Jaime Micolta | in DC |
| Yovanny Tovar | in Panama, will not be extraditied |
| | |
| Mario Leone Kam | in Panama, will not be extradited |
| Jose Bermudez | in Panama, may be extradited |
| Hector Aguilar | pled guilty in Miami, case transferred |
| Sandra Gil | same |
| Victor Serna | same |
| Jose Arango | same |
| Rosalba Morena | fugitive |
| Sara Rayo | in DC |
| Alba Sanchez | still in Colombia, expected soon |
| Vivian Paz | in DC |
| John Sanchez | still in Colombia, probably here soon |
| Miguel Felmanas | still in Brazil, unlikely to be extradited |
| Fidel Sandoval | still in Colombia, probably here soon |
| Juan Gomez | in DC |
| Alfonso LNU | fugitive. |

## ARGUMENT

6.  Under the Speedy Trial Act, 18 U.S.C. §3161 et seq.,  trial must commence within

seventy days of initial appearance.  18 U.S.C. §3161(c)(1).  The Speedy Trial Act, however,

excludes certain periods of time from the seventy day computation.  First,  section 3161(h)(7) of

the Speedy Trial Act excludes a "reasonable period of delay when the defendant is joined for trial

with a co-defendant as to whom the time for trial has not run and no motion for severance has

been granted." Second, the Court may toll the seventy day period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(8)(A).   Third, the Court may order "[a]ny period of delay, not to exceed one year," upon application of a party and a "finding by a preponderance of the evidence that an official request [to a foreign country] has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." §3161(h)(9).  The United States continues to rely on the first two grounds in seeking a furtherance/continuance, but acknowledges that it has been close to one year if not more than one year since the court granted the government's original request to exclude time, pursuant to the Speedy Trial Act,  to gather evidence in a foreign country.

### Conclusion

7.. The court has previously granted the government's request, made pursuant to the Speedy Trial Act, to continue the case and the court has granted such a continuance.  The government is mindful that all defendants have been in some kind of custody since on or about May 16, 2006, and that defendant Jaime Micolta Hurtado has been in the custody of the United States  since that date.  However, it does now appear that at least three District of Columbia defendants- Jackson Orozco Gil, Alba Sanchez, and John Sanchez- will be coming to the United States relatively soon and hopefully within the next 4 to 6 weeks.   Accordingly, the United States would propose that the court set a trial date for sometime in early 2008, which would give the present parties enough time to prepare for trial and would give new parties sufficient time to prepare for trial, if needed.

Respectfully submitted,

Paul Laymon
Wanda Dixon
Narcotic and Dangerous Drug Section
1400 New York Avenue, N.W.
Washington, D.C.   20005
202-514-1286

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was provided to defense counsel on August 20, 2007.

_____

Paul Laymon
Trial Attorney, DOJ